In re Estate of
Joseph H. Mabon,
deceased

April 1, 2003

Case No. HS-1805-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case the sole beneficiary of a testamentary trust has filed a Petition to Remove Ruthe B. Mabon and John M. Mabon as Trustees u/w Joseph H. Mabon.

The trustees have moved to transfer the case to the Circuit Court of Greensville County on the ground of convenience to witnesses and on the ground that the Greensville Circuit Court, the place where the will was probated, is the proper forum for a request to remove the trustees.

Petitioner relies on Va. Code § 26-48 as authority for this court to entertain requests for trustee removal. The trustees rely on Va. Code § 26-3 as authority for such requests in the court where the will was probated. They also cite Va. Code § 26-46.2, the statute that requires qualification of trustees in the court where the will is admitted to probate.

Upon reading the statutes, it is the court's view that either court can entertain the petition, under § 26-3 "[t]he court under whose order . . . any such fiduciary derives his authority . . . whenever from any cause it appears proper, the court may revoke and annul the powers of any such fiduciary" and under § 26-48 "[w]hen a trustee in a will . . . for any other good cause shown, the circuit court of the county or city in which such will was admitted to probate . . . or in which the trustee resides . . . may on motion on any party interested . . . appoint a trustee or trustees in place of the trustee or trustees named. . . ." On the matter of convenience, the court notes that the petitioner-beneficiary is apparently not bothered by having to come to Richmond. Nor is the proposed substitute trustee, who, like petitioner, is a Greensville resident and was present at the hearing.

It is undisputed that the trustees are willing to step aside. However, they wish to be heard on who should succeed them. They would propose any one of several corporate trustees who are local to Greensville as a substitute rather than the one the petitioner has nominated. They contend that for the sake of any of them, it would be better that this proceeding be transferred to Greensville for convenience. Petitioner argues that the trustees, once removed, would have no say in the matter.

When counsel for the trustees observed that the law requires that a trustee must qualify in the court in which the will was probated, counsel for the petitioner agreed that, if this court saw fit to grant the motion, any successor trustee would have to go to Greensville to qualify.

Given the trustees' willingness to step aside, the question of whether they ought to be heard on their successor is a matter for the court to decide upon the hearing. Here, the petitioner alleges that the trustees have failed to agree to encroach upon the trust principal for more of an allotment to cover his increased support needs and, as remaindermen, are laboring under a conflict of interest. The court concludes that, notwithstanding this court's authority to hear and decide the outcome, in the interests of the administration of the trust, it would be preferable that the court which has had supervisory authority over its administration thus far and which will have such authority in the future is the better of the fora to decide a successor trustee. For these reasons the Petition shall transfer to Greensville County Circuit Court.